IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02331-BNB

DALE P. ARMELIN,

    Plaintiff,

v.

PATRICK R. DONOHOE, Postmaster General,

    Defendant.

---

ORDER GRANTING MOTION FOR CLARIFICATION AND
ORDERING PLAINTIFF TO SHOW CAUSE

---

Plaintiff, Dale P. Armelin, filed *pro se* on October 4, 2012, a motion titled "Plaintiff's Motion for Clarifacation [sic] in Case No. 11-cv-00048-MSK-KLM and Case No. 12-cv-02331" (ECF No. 7), which are two Title VII cases pending in this Court and brought by the plaintiff against the same Defendant. In the motion, Mr. Armelin primarily seeks clarification on the status of *Armelin v. Donahue*, No. 11-cv-00048-MSK-KLM (D. Colo. filed Jan. 7, 2011). However, as to No. 12-cv-02331-BNB, he comments:

> The Plaintiff filed a Motion for Reconsideration [in No. 11-cv-00048-MSK-KLM] within the fourteen (14) days allotted which is compliant with the Federal Rules of Civil Procedures [sic]. Shortly, thereafter, the Plaintiff received a Motion [sic] from the District Court which denied a Motion to Amend, as well as denial of Motion for an Extension of Time [in No. 12-cv-02331-BNB].
>
> It is here that there is much confusion. Plaintiff has NO pending or otherwise filed Motions for Continuance in any matter before any court.

ECF No. 7 at 3.

Mr. Armelin appears to be confusing filings in his two pending cases.  In the instant action, the Court on September 5, 2012, entered an order (ECF No. 4) granting Mr. Armelin leave to proceed pursuant to 28 U.S.C. § 1915 and directing him to file an amended Title VII complaint within thirty days.  On September 7, 2012, Mr. Armelin filed a motion to amend (ECF No. 5) the complaint he originally filed on August 31, 2012 (ECF No. 1).  On September 13, 2012, the Court entered a minute order (ECF No. 6) denying the motion to amend because Plaintiff already was granted a thirty-day extension to file an amended complaint in the September 5 order. Mr. Armelin has not filed the amended complaint as directed within the time allowed.  For the reasons stated below, the Court will suspend for now the requirement that Mr. Armelin submit an amended complaint.

The motion for clarification has brought to the Court's attention that Mr. Armelin appears to have initiated two similar Title VII cases.  In fact, Mr. Armelin mentions the instant lawsuit in his motion to reconsider filed in No. 11-cv-00048-MSK-KLM, asking to "incorporate" No. 11-cv-00048-MSK-KLM "with the matter he filed on or about August 31, 2012 as Case No. 12-cv-02331, as they are part and partial [sic] to the same on-going issues of discrimination and vindictive retaliation."  ECF No. 72 in No. 11-cv-00048-MSK-KLM at 4.

"[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."  *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).  Mr. Armelin is warned that repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious.  *See*

*Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *see Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam).  The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims. *See Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972).  Therefore, Mr. Armelin will be ordered to show cause why the instant action should not be dismissed as repetitive of No. 11-cv-00048-MSK-KLM.

Accordingly, it is

ORDERED that the motion titled "Plaintiff's Motion for Clarifacation [sic] in Case No. 11-cv-00048-MSK-KLM and Case No. 12-cv-02331" (ECF No. 7) is granted.  It is

FURTHER ORDERED that the directive in the order of September 5, 2012 (ECF No. 4) that Mr. Armelin submit an amended complaint within thirty days is temporarily suspended.  It is

FURTHER ORDERED that Mr. Armelin show cause **within thirty (30) days from the date of this order** why the instant action should not be dismissed as frivolous or malicious because it is repetitive of *Armelin v. Donahue*, No. 11-cv-00048-MSK-KLM (D. Colo. filed Jan. 7, 2011).  It is

FURTHER ORDERED that if Mr. Armelin fails to show cause as directed within the time allowed, the action will be dismissed without further notice.

DATED October 26, 2012, at Denver, Colorado.

                                    BY THE COURT:

                                    s/ Boyd N. Boland
                                    United States Magistrate Judge